# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 4677 | **DATE** | 9/30/2003 |
| **CASE TITLE** | Pecola Donley vs. Nordic Properties, Inc. et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **Enter MEMORANDUM, OPINION AND ORDER: Cross motions for summary judgment [56-1], [52-1] are granted in part and denied in part. Status hearing set for 11/4/2003 @ 9:00 a.m.**

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | SEP 3 0 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 41 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 03 SEP 30 PM 3:09 | date mailed notice | |
| | TSA  courtroom deputy's initials | FILED FOR DOCKETING Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| PECOLA DONLEY, ) | |
| ) | |
| Plaintiff, ) | SEP 3 0 2003 |
| ) | Wayne R. Andersen |
| v. ) | District Judge |
| ) | |
| NORDIC PROPERTIES, INC. d/b/a ) | No. 99 C 4677 |
| COUNTRY FAIRE VILLAGE and ) | |
| DENNIS A. BREBNER d/b/a/ DENNIS ) | |
| BREBNER & ASSOCIATES, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM, OPINION AND ORDER

This case is before the Court on the cross motions for summary judgment filed by Plaintiff Pecola Donley and Defendants Nordic Properties, Inc. d/b/a Country Faire Village ("Country Faire") and Dennis A. Brebner d/b/a Dennis Brebner & Associates ("Brebner"). For the following reasons, we grant in part and deny in part Plaintiff's summary judgment motion and grant in part and deny in part the summary judgment motion of the Defendants.

## BACKGROUND

Defendant Country Faire is an Illinois Corporation that rents out apartments. Defendant Dennis Brebner is Country Faire's attorney who practices law at Dennis Brebner & Associates, where he regularly engages in collection work. Plaintiff Pecola Donley is a former tenant of Country Faire.

On March 10, 1993, Brebner filed a complaint in the Circuit Court of Lake County, Illinois for forcible entry and retainer on behalf of Country Faire. In that lawsuit, Country Faire requested judgment against Donley for possession of the property she was then occupying, the sum of $1,445 in overdue rent, and the costs and reasonable attorney's fees of the lawsuit. Following the filing of the case, Donley vacated the premises. On March 25, 1993, the Circuit Court of Lake County dismissed this case, No. 93 LM 764, with prejudice and without costs and declared that "all matters in controversy for which said action was brought" have been "fully settled, compromised and adjourned."

On June 14, 1996, Defendant Brebner filed a second lawsuit, Case No. 96 AR 1146, against Donley on behalf of Country Faire, seeking payment for past due rent in the amount of $3,179.16. Defendants did not advise the court about the dismissal in case 93 LM 764 at any point in these proceedings. On July 15, 1996, the Circuit Court of Lake County entered judgment by default against Plaintiff in the requested amount in case No. 96 AR 1146. On January 14, 1998, Defendants obtained an attachment order against Plaintiff, instructing the Lake County Sheriff to arrest her and setting her bail at $1,000.

Donley was either absent or hiding out in her house during the Sheriff's subsequent attempts to arrest her in January 1998. In February 1998 she retained an attorney, Leon I. Edelson. The same month, Mr. Edelson forwarded Brebner a copy of the original dismissal order in case number 93 LM 764 and requested that Defendants drop the case against his client because the matter of past due rent had been settled in the first suit. Defendants refused. On July 9, 1998, the Circuit Court vacated the default judgment and dismissed the action, 96 AR 1146, with prejudice on *res judicata* grounds.

Plaintiff brings the current action seeking statutory and actual damages, as well as costs and attorney's fees, claiming that Defendants: 1) violated the Fair Debt Collection Practices Act ("FDCPA") by knowingly bringing the second lawsuit to obtain a payment when none was due; and 2) violated the Fair Credit Reporting Act ("FCRA") by refusing to cooperate with consumer reporting agencies in clearing up Plaintiff's credit history in accordance with the court dismissal orders.

## DISCUSSION

I.  Standard of Review

Summary judgment is proper if the pleadings, depositions, answers to interrogatories, admissions and affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Blakemore v. Pekay*, 895 F. Supp. 972, 976 (N.D. Ill. 1995). The moving party has the burden of proving that the other side lacks evidence to support its position. *Doe v. R.R. Donnelley & Sons Co.*, 42 F.3d 439, 443 (7th Cir. 1994); *SEC v. Randy*, 38 F. Supp. 2d 657, 665 (N.D. Ill. 1999). The burden then shifts to the opposing party to demonstrate that there is a genuine issue of material fact by setting forth specific facts. *Anderson v. Liberty Lobby*, 477 U.S. 242, 252, 106 S. Ct. 2505, 2512 (1986). In evaluating a summary judgment motion, the Court must draw all reasonable inferences in the light most favorable to the opposing party. *Donovan v. City of Milwaukee*, 17 F.3d 944, 947 (7th Cir. 1994); *Griffin v. Thomas*, 929 F.2d 1210, 1212 (7th Cir. 1991).

When both parties file summary judgment motions, each side must show that the evidence is "so one-sided in their favor that there is no genuine issue requiring a trial, and they

are entitled to summary judgments as a matter of law." *Blakemore*, 895 F. Supp. at 976. Only if the opposing side fails to show an essential element with respect to which she bears the burden of proof will the movant prevail. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24, 106 S. Ct. 2548, 2553 (1986). The mere possibility of a factual dispute is not enough to defeat a summary judgment motion. *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994).

II.  Count I – The Fair Debt Collections Practices Act

Plaintiff argues that Defendants violated the Fair Debt Collection Practices Act ("FDCPA") by instituting a second lawsuit for the collection of past due rent when the dismissal of the first suit had already settled the debt. Defendants contend that they were justified in filing the second lawsuit and that the FDCPA does not cover their conduct.

The FDCPA aims to prevent debt collectors from using abusive collection practices and from making false or misleading representations that result in the harassment of consumers. 15 U.S.C. § 1692; *Heintz v. Jenkins*, 514 U.S. 291, 293 (1995). A debt collector may not resort to any false, deceptive, or misleading means, such as threatening action that cannot legally be taken, in connection with the collection of any debt. 15 U.S.C. § 1692e(5). Nor may the collector use any false representations in an actual attempt to collect a debt. 15 U.S.C. §1692e(10).

The Act defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Significantly, the definition of "debt collector" does not include a person collecting its own debts or the debts of an entity which

is "related by common ownership or affiliated by corporate control." 15 U.S.C. § 1692a(6); § 1692a(6)(B).

We find that Defendant Country Faire is not a "debt collector" as that term is defined in the Act. In determining whether defendant is a "debt collector," we are guided by the legislative purpose underlying the Fair Debt Collection Practices Act. The Senate Committee on Banking, Housing, and Urban Affairs Report reveals that Congress was primarily concerned with independent debt collectors, which "are the prime source of egregious collection practices." S. Report No. 95-382, at 2 (1977), reprinted in 1977 U.S.Code Cong. & Admin.News, pp. 1695, 1696. Indeed, unlike creditors who collect their own debts, independent debt collectors "are likely to have no future contact with the consumer and often are unconcerned with the consumer's opinion of them." *Id.* Creditors and their affiliates, on the other hand, "generally are restrained by the desire to protect their good will when collecting past due accounts. . . ." *Id.* Because Country Faire was attempting to collect its own debt, it is not a "debt collector" as that term is defined in the FDCPA. Therefore, summary judgment is granted in favor of Country Faire on Count I, the FDCPA claim.

Attorney Brebner is a "debt collector" because attorneys who engage in debt collection activity, including litigation, as their principal business or who regularly collect debts for other parties are "debt collectors" within the meaning of the Act. *Heintz*, 514 U.S. at 299; *Blakemore*, 895 F. Supp. at 976. Because Brebner regularly collects debts for others, he is considered a "debt collector" for purposes of the Act. Therefore, Defendant Brebner is subject to the FDCPA.

Defendant Brebner does not dispute that the FDCPA applies to him. Instead, he contends that the statute does not specifically prohibit filing a lawsuit as a debt collecting method because

5

this practice is not specifically listed as conduct which violates the FDCPA in 15 U.S.C. § 1692e. However, it is clear that the list of enumerated violations set out in § 1692e is not exhaustive of all possible practices that may violate the FDCPA. *See Tsenes v. Trans-Continental Credit and Collection Corp.*, 892 F. Supp. 461, 464 (E.D.N.Y. 1995).

Defendant next argues that he did not misrepresent the debt because the second lawsuit requested money *in addition* to that requested in the first suit. The complaint in case No. 93 LM 764 prayed for judgment for the sum of $1,445 in back rent. However, as the evidence shows, the $3,179.16 asked for in the second suit included the $1,445 previously adjudicated. The Circuit Court of Lake County recognized this redundancy at Plaintiff's request, finding that the suit was barred on *res judicata* grounds because the dismissal order in the first litigation eliminated Plaintiff's debt to Country Faire. Defendant misrepresented the status of the debt to the Circuit Court of Lake County in filing and prosecuting case 96 AR 1146.

Furthermore, a debt collector violates § 1692e(5) when he threatens "to take any action that cannot legally be taken." Defendant Brebner, as an attorney with a longstanding record in collections work, should have been aware of the fact that one cannot attempt to collect again on a debt that already has been resolved through legal action. He would not have been able to threaten Donley by promising to file a second lawsuit for money requested in suit 93 LM 764 after the resolution of that lawsuit. Nonetheless, Brebner took his collection activities a step further and actually brought a suit that could not legally be undertaken. If the *threat* of unlawful litigation violates the FDCPA, then certainly the filing of the lawsuit also violates the FDCPA.

Finally, Defendant argues that, even if the second lawsuit was inappropriate, Plaintiff's only recourse would have been sanctions under the Illinois Supreme Court Rule 137, which

provides measures for dealing with frivolous lawsuits. However, Plaintiff seeks recovery not for frivolous litigation but for abusive practices in debt collecting – a federal policy codified by the FDCPA. Defendant's reasoning would prevent any plaintiff from recovering under the federal law if the injury she suffered also happened to fall under a state law suitable for other criteria. We do not believe that to have been the intent of Congress.

Plaintiff has met her burden of producing evidence of Defendant's false and misleading statements in an attempt to collect on a debt. The FDCPA was violated by attempting to collect on a debt when no debt was owed. Defendant Brebner has put forth no evidence that would allow a reasonable jury to conclude that he did not use false and misleading representations when he failed to disclose information about a prior judgment to the Circuit Court when filing the second lawsuit. Nor has the Defendant produced any evidence of a dispute as to a material fact in this matter.

For the foregoing reasons, Plaintiff's motion for summary judgment as to Count I is granted against Defendant Brebner and denied against Defendant Country Faire. Defendant Country Faire's motion for summary judgment on Count I is granted.

III. Count II – The Fair Credit Reporting Act

In this case, Plaintiff claims that Defendants violated the Fair Credit Reporting Act ("FCRA") by refusing to cooperate with credit reporting agencies in removing the outstanding debt to Country Faire from her credit history in accordance with the two dismissals in the Circuit Court of Lake County.

Congress enacted the FCRA in order to protect consumers from "inaccurate and arbitrary" reporting of information in their credit histories. *Vasquez-Garcia v. Trans Union de*

*Puerto Rico, et al.*, 222 F. Supp. 2d 150, 153 (D. P.R. 2002); *see also Conley v. TRW Credit Data*, 381 F. Supp. 473 (N.D. Ill. 1974). In 1996, Congress passed amendments to the FCRA which increased accountability on the part of those who furnish consumer information to credit reporting agencies. *See* Consumer Credit Reporting Reform Act of 1996, Pub.L. No. 104-208, 110 Stat. 3009-448-49 (1996).

Sections 1681(n) and 1681(o) allow individual consumers to pursue a private cause of action under § 1681s-2(b) against "any person" who willfully or negligently fails to comply with the provisions of the FCRA. 15 U.S.C. §§ 1681(n), 1681(o). *See also Vasquez-Garcia*, 222 F. Supp. 2d at 157 (Congress has expressly provided consumers with private cause of action for willful or negligent violation of §1681s-2(b)); *Dornhecker v. Ameritech Corp.*, 99 F. Supp. 2d 918, 926-27 (N.D. Ill. 2000) (individual consumers have private cause of action under §1681s-2(b)); *DiMezza v. First USA Bank Inc.*, 103 F. Supp. 2d 1296, 1300-1301 (D. N.M. 2000); *Campbell v. Baldwin*, 90 F. Supp. 2d 754 (E.D. Tex. 2000). Failure to comply with these requirements of the FCRA allows the individual consumer to sue whomever is responsible for providing the inaccurate information. *See DiMezza*, 103 F. Supp. 2d at 1300.

Section 1681s-2(b) of the Act, which provides a private cause of action for consumers against "furnishers of information," provides that:

> After receiving notice pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall--
> (A) conduct an investigation with respect to the disputed information;
> (B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;
> (C) report the results of the investigation to the consumer reporting agency; and

8

(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis.

Thus, the upshot of this section is that, upon notification of a dispute, a person who has furnished information to consumer reporting agencies must conduct an investigation of the information in dispute and provide the results of the investigation to the consumer reporting agency.

In this case, there is no dispute that Defendants are the "furnishers of information." The federal courts have defined that term as "an entity which transmits information concerning a particular debt owed by a particular consumer to consumer reporting agencies such as Experian, Equifax, MCCA, and Trans Union." *DiMezza*, 103 F. Supp. 2d at 1299; *Vasquez-Garcia*, 222 F. Supp. 2d at 154, n.5. On page 6 of the Memorandum in Support of their Motion for Summary Judgment, Defendants admit that they "supplied information to credit reporting agencies regarding Donley's individual debt." Thus, it is clear that Defendants are "furnishers of information" as that term is defined in the FCRA.

However, that is where the clarity ends. First, there is no evidence in the record as to whether the Defendants were formally notified of a dispute. Section 1681i(a)(1) provides that "[i]f the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly of such dispute, the agency shall reinvestigate." Section 1681i(a)(2)(A) further provides that if "a consumer reporting agency receives notice of a dispute from any consumer in

9

accordance with paragraph (1), the agency shall provide notification of the dispute to any person who provided any item of information in dispute."

In this case, there is a dispute as to whether Plaintiff notified the consumer reporting agencies as to the discrepancy. In her affidavit, she states that she "has engaged both Trans Union and Equifax credit agencies to try and remove the wrongfully entered adverse judgment in case 96 AR 1146 from her credit history." Defendants claim that the consumer reporting agencies were not notified of the dispute. We have no written proof that the consumer reporting agencies were notified. Thus, a question of material fact exists as to whether the consumer reporting agencies were notified of the dispute.

Likewise, there is no credible evidence that the consumer reporting agencies notified the Defendants that Plaintiff disputed an item on her credit report. Plaintiff very generally claims that "Defendants were aware generally that once the judgment was entered in 96 AR 1146, the credit reporting agencies became aware of that fact in the ordinary course of their business and placed that judgment on her credit history. By no later than January 6, 1997, the Defendants and each of them were aware by viewing a credit report that the July 1, 1996 judgment in case No. 96 AR 1146 was being reported against the Plaintiff's credit by at least Trans Union Corp." Such general statements without further proof will not suffice to prove Plaintiff's case.

Finally, there is no evidence in the record as to whether Defendants conducted an investigation into the dispute and reported the results of the investigation to the consumer reporting agencies.

For these reasons, we find that numerous questions of material fact exist which prevent this Court from entering summary judgment in favor of either party. If the parties have evidence

of the proof required to either prove, or disprove, that a violation of the FCRA occurred, they should bring it before the Court. Until then, the parties' cross motions for summary judgment on this claim are denied.

## **CONCLUSION**

For the foregoing reasons, the Plaintiff's motion for summary judgment is granted on Count I, the Fair Debt Collections Practices Act claim against Defendant Brebner, and denied against Defendant Country Faire. Defendant Brebner's motion for summary judgment on Count I is denied, and Defendant Country Faire's motion for summary judgment on Count I is granted. The cross motions for summary judgment on Count II, the Fair Credit Reporting Act claims, are denied. This case is set for status on November 4, 2003 at 9:00 a.m.

It is so ordered.

Wayne R. Andersen
United States District Judge

Dated: September 30, 2003